IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-30093 |
| | ) | |
| EARL C. YOAKUM, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Earl C. Yoakum's sentencing hearing held August 5, 2005.  Yoakum was present in person and with counsel, Babette Salus.  The Government was present by Assistant United States Attorney David Risley.  On May 13, 2004, Yoakum pled guilty pursuant to a plea agreement to unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).

The Court was in receipt of a Fourth Revised Presentence Report (PSR), dated March 9, 2005, prepared by the United States Probation Office.  Neither party raised any objections to the PSR.  The Court, therefore, adopted its findings.  Yoakum had a base offense level of 24

under U.S.S.G. § 2K2.1(a)(2). The offense level was increased by 4 levels under U.S.S.G. § 2K2.1(b)(5) because Yoakum possessed the firearm in connection with another felony offense. Yoakum was entitled to a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a final offense level of 25. Yoakum had 34 criminal history points, which placed him in Category VI. An offense level of 25 and criminal history Category VI results in a Guideline range of 110 to 137 months imprisonment, in Zone D. However, under 18 U.S.C. § 924(a)(2), the statutory maximum term of imprisonment is 120 months. Therefore, the Court found Yoakum's final Guideline range to be 110 to 120 months. The Court recognized that, after the Supreme Court decision in <u>United States v. Booker</u>, the U.S.S.G. are no longer binding on the Court. <u>Booker</u>, 125 S. Ct. 738 (2005). However, they remain a factor for the Court to consider in sentencing. <u>United States v. Williams</u>, 410 F.3d 397 (7th Cir. 2005).

Yoakum filed a Sentencing Commentary raising two arguments. <u>Defendant's Commentary on Sentencing Factors (d/e 33)</u>. The Court rejected Yoakum's first contention, that he should be sentenced within the sentencing range set forth in the Plea Agreement, noting that the Plea

2

Agreement contained only a tentative prediction of Yoakum's range, not a stipulation to a range. The Court credited Yoakum's second argument, in part. Yoakum asked the Court to adjust his sentence to ensure that he received credit for all of the time he spent in federal detention prior to sentencing. Yoakum first appeared in federal court on November 13, 2003, and was ordered detained. At that time, Yoakum was serving a three year sentence in the Illinois Department of Corrections. Yoakum was originally set for a sentencing hearing on September 17, 2004, but that hearing was continued several times on motions from both parties for various reasons including the Government's failure to writ him over for court, Yoakum's on-going cooperation, and the resignation of Yoakum's original appointed counsel. Yoakum was paroled from his state sentence on March 30, 2005, but remained in federal detention. The Court determined that had Yoakum been sentenced in September 2004, the Court would have ordered his sentence to run concurrently with the undischarged portion of his state sentence. Therefore, to prevent prejudice to Yoakum, the Court reduced Yoakum's sentence by seven months to account for what would have been the undischarged portion of his state sentence had he been sentenced in September 2004. The Court, however, declined to reduce Yoakum's

sentence based on the period from his initial appearance in November 2003 until the time of his first scheduled sentencing hearing.

THEREFORE, after considering the case file, including Yoakum's commentary, the PSR, the statements of counsel, Yoakum's own statement, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Yoakum to 103 months imprisonment, followed by a period of three years of supervised release. The Court ordered him to pay a $100 special assessment, due immediately; however, based on Yoakum's financial status, the Court imposed no fine.

IT IS THEREFORE SO ORDERED.

ENTER: August 9, 2005.

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
    UNITED STATES DISTRICT JUDGE